# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES HERNANDEZ,<br><br>         Petitioner,<br><br>v.<br><br>SCOTT KERNAN, Secretary, et al.,<br><br>         Respondents. | Case No.: 16cv1211 CAB (WVG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 25]; REJECTING OBJECTIONS [Doc. No. 26]; DENYING PETITION [Doc. No. 9]; and DENYING A CERTIFICATE OF APPEALABILITY** |

  Andres Camarena Hernandez ("Petitioner"), is a state prisoner proceeding *pro se* with a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] This matter was referred to United States Magistrate Judge William V. Gallo pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Gallo issued a Report and Recommendation ("Report") recommending the Court deny the petition. [Doc. No. 25.] Petitioner filed objections to the Report. [Doc. No. 26.]¹

---

¹ On August 30, 2017, Petitioner again filed objections to the Report. [Doc. No. 28.] However, Doc. No. 28 appears to be a duplicate of Doc. No. 26, with a slight change in the proof of service.

Following *de novo* review of Petitioner's claims, the Court finds the Report to be thorough, complete, and an accurate analysis of the legal issues presented in the petition. For the reasons explained below, the Court: (1) adopts the Report in full; (2) rejects Petitioner's objections; (3) denies the Petition for Writ of Habeas Corpus; and (4) denies a certificate of appealability.

## **BACKGROUND**

**I. Factual Background**

The Report contains an accurate recital of the facts as determined by the California Court of Appeal, and the Court fully adopts the Report's statement of facts. As Judge Gallo correctly noted, the Court presumes state court findings of fact to be correct.

**II. State Procedural Background**

The Report contains a complete and accurate summary of the state court proceedings, and the Court fully adopts the Report's statement of state procedural background.

**III. Federal Procedural Background**

On May 18, 2016, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] The Court dismissed the action without prejudice, allowing Petitioner until July 18, 2016 to satisfy the filing fee requirement and file a First Amended Petition. [*See* Doc. No. 5 at 3.] On May 25, 2016, Petitioner paid the filing fee. [Doc. No. 6.] On July 19, 2016, Petitioner filed another petition. [*See* Doc. No. 9.] The Court construed this as a motion to reopen the case and a motion to amend. [*See* Doc. No. 11.] On July 26, 2016, the Court granted the motions and deemed the First Amended Petition filed as of July 13, 2016, the date in which Petitioner signed the Petition. [*See* Doc. No. 11.] On April 12, 2017, Respondent timely filed an Answer to the Petition and lodged numerous state court records. [Doc. No. 20.] On May 11, 2017, Petitioner timely filed a Traverse. [Doc. No. 24.]

On July 28, 2017, Magistrate Judge Gallo issued the Report recommending that the petition be denied. [Doc. No. 25.] On August 25, 2017, Petitioner filed Objections to the

Report. [Doc. No. 26.] In his objections, Petitioner argues that the magistrate judge erred in finding that the state court did not make an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence. Petitioner also requests an evidentiary hearing. Because Petitioner has objected to the Report in its entirety, the Court reviews the Report *de novo.* 28 U.S.C. § 636(b)(1)(C); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004).

## DISCUSSION

### I. Legal Standard

The Report sets forth the correct standard of review for a petition for writ of habeas corpus. Under 28 U.S.C. § 2254(d):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 403, 412-13 (2000).

Under § 2254(d)(1), a state court's decision is "contrary to" clearly established federal law if the state court (1) "arrives at a conclusion opposite to that reached by this Court on a question of law" or (2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams,* 529 U.S. at 405. A state court's decision is an "unreasonable application" if the application was "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

Under § 2254(d)(2), habeas relief is not available due to a state court's "unreasonable determination of the facts" unless the underlying factual determinations were objectively unreasonable. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *see also Rice v. Collins*, 546 U.S. 333, 341-42 (2006) (the fact that "[r]easonable minds

reviewing the record might disagree" does not render a decision objectively unreasonable).

**II. Petitioner's Request for an Evidentiary Hearing**

In his Traverse, Petitioner requests an evidentiary hearing. [Doc. No. 24 at 6.] Section 2254(e) "substantially restricts the district court's discretion to grant an evidentiary hearing." *Baja v. Ducharme*, 187 F.3d 1075, 1077 (9th Cir.1999). Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
> (A) the claim relies on-
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

For the reasons discussed by the Magistrate Judge, there is a sufficient factual basis in the record to resolve Petitioner's claims. *See Insyxiengmay v. Morgan*, 403 F.3d 657, 669-670 (9th Cir. 2005). Therefore Petitioner's request for an evidentiary hearing is **DENIED.**

**III. Analysis of Petitioner's Claims**

Petitioner raises three claims that include four separate grounds for relief in his Petition: (1) the State suppressed evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 95 (1963); (2) the State violated the federal constitution by not producing the crime weapon; (3) the State violated the federal constitution by not conducting DNA or fingerprint analysis; and (4) his trial counsel provided ineffective assistance.

/ / / / /

/ / / / /

A. Claim One: Suppression of Evidence.

Petitioner contends the State violated the Fifth and Fourteenth Amendments by suppressing evidence because he was unable to locate certain police reports in the discovery materials, and those reports showed that one of the witnesses, Officer Glover, knew Petitioner from prior incidents. As noted by the Magistrate Judge, the record indicates that Petitioner did receive the reports at issue. [Doc. No. 25 at 7-8.] In his objections, Petitioner argues that just because the police reports were "offered" does not relinquish the State's obligation to turn them over. [Doc. No. 26 at 4.] However the record indicates the police reports were turned over to the defense, as the trial judge discusses them when he ruled on the admissibility of Petitioner's prior incidents. [Doc. No. 21-4 at 7.] Thus, if the defense did not have them, they certainly could have requested them. Finally, as noted by the Magistrate Judge, Petitioner has provided no evidence—such as a declaration from defense counsel—that the reports were not provided. Accordingly, this claim for relief is **DENIED**.

B. Failure to Produce and Test the Weapon.

Petitioner claims his right to due process was violated because the prosecution (1) did not produce the actual weapon (a crutch) used in the crime, but instead relied on a demonstrative replica; and (2) did not conduct DNA or fingerprint analysis. [Doc. No. 9 at 17-18.] As noted by the Magistrate Judge, Petitioner has failed to show sheriff deputies acted in bad faith by not collecting and preserving the weapon. [Doc. No. 25 at 11.] In his objections, Petitioner opines that the "Prints DNA would have been exonerating in nature." [Doc. No. 26 at 10.] However, as noted by the Magistrate Judge, the sheriff deputies could have reasonably concluded the weapon had no exculpatory value given the multiple and consistent eye-witness statements provided by five different witnesses to the event. [Doc. No. 25 at 10-11.] Finally, the sheriff deputies had no constitutional obligation to conduct DNA testing. *Arizona v. Youngblood,* 488 U.S. 51, 59 (1988). Accordingly, this claim for relief is **DENIED**.

/ / / / /

C. Ineffective Assistance of Counsel.

Petitioner argues he was denied effective assistance of counsel for four reasons: (1) his attorney failed to assert a claim for prosecutorial misconduct when the State did not conduct DNA testing; (2) his attorney failed to object to the submission of "foreign material as evidence" when the State used an exemplar crutch rather than the actual weapon.; (3) his attorney failed to go into sufficient depth when cross-examining Deputy Glover as to how the deputy knew Petitioner; and (4) his attorney failed to notice the State introduced evidence that had not been exchanged during discovery [Doc. No. 9 at 15, 19.]

1. Failure to assert prosecutorial misconduct.

As noted above, there is no constitutional requirement to conduct DNA testing. Thus, a failure to assert prosecutorial misconduct on this basis does not constitute ineffective assistance. *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985). Moreover, regardless of who else may have touched the crutch, there are numerous witnesses who saw Petitioner grab the crutch and strike his brother during the altercation. Thus, Petitioner has not shown prejudice. *Stickland v. Washington*, 466 U.S. 668, 700 (1984). Accordingly, this claim for relief is **DENIED**.

2. Failure to object to demonstrative crutch.

As noted by the Magistrate Judge, there is no indication Petitioner's failure to object to the demonstrative crutch was objectively unreasonable, as counsel has "wide latitude in making tactical decisions." [Doc. No. 25 at 15, quoting *Stickland*, 466 U.S. at 689.] Moreover, the record is clear that the jury was informed on several different occasions that the crutch was a demonstrative aid, not the actual weapon. Thus, Petitioner has not shown prejudice. *Stickland*, 466 U.S. at 700. Accordingly, this claim for relief is **DENIED**.

/ / / / /

/ / / / /

/ / / / /

3. Failure to go into depth of Deputy Glover's knowledge of Petitioner.

As noted by the Magistrate Judge, the depth and breadth of cross-examination done by counsel is a tactical decision for which counsel has wide latitude. [Doc. No. 25 at 17, citing *Stickland*, 466 U.S. at 689.] Petitioner provides no evidence as to why counsel was deficient in the cross-examination of Officer Glover. Accordingly, this claim for relief is **DENIED**.

4. Failure to identify evidence not exchanged during discovery.

As discussed above, the record shows that Petitioner's counsel was provided with the police reports from the prior incidents. Petitioner does not provide any evidence that contradicts the record. Thus, a failure to raise a meritless argument does not constitute ineffective assistance. *Boag*, 769 F.2d at 1344. Accordingly, this claim for relief is **DENIED.**

## CERTIFICATE OF APPEALABILITY

A petitioner complaining of detention arising from state court proceedings must obtain a certificate of appealability to file an appeal of the final order in a federal habeas proceeding. 28 U.S.C. § 2253(c)(1)(A) (2007). The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To make a "substantial showing," the petitioner must "demonstrat[e] that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable[.]' " *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir.2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner has not made a "substantial showing" as to any of the claims raised by his petition, and thus the Court *sua sponte* **DENIES** a certificate of appealability.

## CONCLUSION

In sum, Petitioner has not established that the appellate court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state courts. The Court hereby: (1) adopts the Report in full; (2) rejects

Petitioner's objections; (3) denies the Petition for Writ of Habeas Corpus; and (4) denies a certificate of appealability.

**IT IS SO ORDERED.**

Dated:  September 7, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge